**FILED**
**MARCH 18, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT



# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MR. KEVIN GALLAGHER<br>　　　　　PLAINTIFF<br><br>Vs.<br><br>THE OFFICE OF THE PUBLIC<br>DEFENDER OF DU PAGE COUNTY,<br>COUNTY OF DU PAGE,<br>LA WANDA ALLEN,<br>　　　PUBLIC DEFENDER<br>ROBERT A. MILLER<br>　　　PUBLIC DEFENDER SUPERVISOR<br>　　　　　DEFENDANTS | 08CV1424<br>JUDGE GETTLEMAN<br>MAG. JUDGE BROWN<br><br>RECEIVED<br>MAR 10 2008<br>Mar 10, 2008<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT<br><br>JURY DEMAND |

## COMPLAINT

### JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. 1983; Judicial Code, U.S.C. 1331 and 1343(a); and supplementary jurisdiction as codified in 28 U.S.C.1367(a). In addition, the sixth amendment U.S.C.

Above civil rights act states that: anyone who, under color of state or local law, who causes a person to be deprived of rights guaranteed by the U.S. Constitution or federal law, is liable to that person.

2. In addition to; Conspiracy Against Rights 18 U.S.C. 241 Chapter 13. for the violation of the sixth amendment U.S.C. for failure to provide effective assistance of counsel and or fraudulent counsel.

3. Jurisdiction is further supported by the fact that the plaintiff resides in the State of Indiana and the violations occurred in the State Illinois.

### PARTIES

4. Plaintiff, Mr. Kevin Gallagher is a long time resident of Indiana.

5. Defendants, Office of the public defender, La Wanda Allen, and Robert A. Miller are public defenders who at all times material to this complaint, were engaged in the conduct complained of in the course and scope of their employment.

6. At all times material to this complaint, the defendants were acting under the color of state law,

1

ordinance and/or regulation. At the time of this occurrence, these defendants were on duty and they are sued in their individual capacities.

7. The county of Du Page is duly under the laws of the State of Illinois, and is the employer of the individual defendants.

**FACTS**

8. On October 15, 2007 at about 6:00 PM the plaintiff was traveling very slowly in heavy traffic. Traveling west bound on route 88 a late model white and yellow Ford Crown Victoria taxicab twice attempted to run the plaintiff off the road. The plaintiff was on a motorcycle and when he heard the sound of gun shots fired from the direction of the taxi cab the plaintiff decided to go on to the emergency lane to get away from the taxi.

9. In between the increasing distance between the plaintiff and the taxi was state police car. The state police car began following the plaintiff. The plaintiff was unaware that the police car was following him.

10. The taxicab stopped chasing the plaintiff after seeing the police car and drove away, however the plaintiff was unaware of the fact that the taxi exited the area.

11. The plaintiff got off the express way and drove into a nearby grassy area or field so the taxi could not follow, and then stopped the motorcycle.

12. The plaintiff then saw the police car and stopped.

13. The grassy soil was far too soft to support the weight of a 500 pound motorcycle on the kick stand so the plaintiff carefully laid the motorcycle down in the grass so as to not damage it. The motorcycle was not dropped nor did it crash and the motorcycle did not have any crash damage on it.

14. The plaintiff then got away from the motorcycle because it was now leaking fuel from the fuel cap. The plaintiff feared that there was a possibility that the gasoline could ignite from the hot engine components or the hot exhaust pipes and cause the fuel tank to burst.

15. The plaintiff then decided to move away from the motorcycle quickly, (before it exploded).

16. The plaintiff moved about twenty feet from the motorcycle and stopped.

17. The plaintiff had a very high quality full-face sound reducing helmet on his head and was beginning to remove the helmet. At this point the state police officer ran up behind the plaintiff struck the plaintiff on the right shoulder with a heavy steel bar or club.

18. The impact of the steel bar was so violent that it instantly and completely shattered the plaintiff's bones in his right shoulder. There were no other injuries to the plaintiff.

19. The State police officer had incorrectly assumed that the plaintiff was breaking the law and

2

was attempting to flee from the police.

20. The state police officer failed to confirm his incorrect theory and then over reacted to the situation by using unnecessary and extreme violence.

21. The impact was so great that had the state police officer missed the plaintiff's shoulder and hit the plaintiff on the neck, the impact would have shattered and displaced a vertebrae, causing a fatal injury due to damage to the spinal column.

22. The state police officer then stood on top of the plaintiff, balancing all his weight on one knee to cause maximum pain to be inflicted upon the plaintiff.

23. The offending state police officer then knowingly took the plaintiff's right arm (with the shattered shoulder) and twisted the plaintiff's arm behind the plaintiff's back to cause additional extreme pain.

24. The offending state police officer then lied to the hospital emergency room doctor and claimed that the plaintiff crashed and fell on his shoulder. The offending state police officer gave a detailed version of the fictitious accident to the doctor, (and then later gave a much different version in his police accident report). The doctor knew that this was not the type of injury sustained in a motorcycle accident. An injury of this magnitude was not possible with out a multitude of additional injuries. One cannot hit the ground at such a high velocity sufficient enough to shattered bone and not have other injuries as well.

25. Research shows that this offending police officer has used excessive force and false charges against others in the past.

26. In an effort to hide his serious mistake in judgement and excessive force, the offending police officer then charged the plaintiff with several fictitious traffic violations; resisting arrest and a traffic accident of failure to reduce speed to avoid an accident, all of which never occurred.

## COUNT I
### 42 U.S.C. 1983 Claim for Ineffective Assistance of Counsel
### Violation of the Sixth Amendment

27. The defendants from the public defender's office have refused to call witnesses to testify, and this is a critical stage of the trial, in violation of the Sixth amendment to have a compulsory process for obtaining witnesses. Along with ineffective assistance of counsel in that counsel must be real.

Counsel cannot be a sham or pretence; the theory of the assistance of counsel must by upheld in practice. To place a lawyer for the defendant on the defendant's case only to have the appearance of counsel and nothing else is the same as no counsel at all.

28. The defendants have refused to call the tow truck driver to testify that there was no damage to the motorcycle.

29. The defendants have refused to give the order to have the emergency room doctor testify to show that the offending police officer gave two different versions of the fictitious accident.

30. The defendants have refused to have an expert witness in bio-mechanics testify as to the fact that the shattered shoulder injury was could not have been the result of a motorcycle accident.

31. The defendants have refused to get an official copy of the accident report filled out by the offending police officer.

32. Defendants from the public defender's office of Du Page County have refused to do anything at all.

33. The defendant's decision of the inaction of ineffective assistance of counsel was willful, wanton, and arose out of a "misuse of power possessed by virtue of state law and made possible only because the defendants are clothed with the authority of state law.

34. In the defendants inaction of "ineffectiveness of counsel" due to the refusal to call witnesses gives rise to a due process violation of the sixth amendment because it makes any criminal proceeding so fundamentally unfair that the Plaintiff was prevented from reasonably presenting his case and results in substantial prejudice. In support of this see Goonsuwan v. Ashcroft, 252 F.3d 383 (5th Cir. 2001).

35. The denial of counsel was so flagrant and the difficulty of proving prejudice so great, it may be possible to presume harm. United States v. Loasiga, 104 F.3d 484 (1st Cir. 1997). Prejudice is found when the performance of counsel is so inadequate that it may have affected the outcome of the proceedings. See Castillo-perez v. INS. 212 F.3d 518 (9th Cir. 2000).

36. The defendants complete lack of any kind of meaningful actions meet and surpass all the violations in Strickland v. Washington 466 U.S. 668 (1984) was, (and sill is), a class dereliction of duty.

37. The right of effective assistance of counsel.....it is the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing.

While a criminal trial is not a game in which the participants are expected to enter the ring with near match in skills, neither is it a sacrifice of unarmed prisoners to gladiators.
United States ex rel. Williams v. Twomey 510 F.2d 634, 640 (CA7), cert. denied sub nom. Sielaff v. Williams, 423 U.S. 876, 96 S.Ct. 148, 46 L.Ed.2d 109 (1975).

38. In this instant case the plaintiff is sacrificed not just unarmed, but in effect the plaintiff has his arm broken and then his arms and legs are shackled behind his back. The plaintiff is then in effect blindfolded, and has had his mouth gagged in an effort to suppress his defensive abilities so severely that no reasonable or prudent person could see any way to effectively defend himself.

WHEREFORE, plaintiff seeks compensatory damages, jointly and severally, to compensate for all the losses caused by the defendants wrongful, and illegal acts; punitive damages against these defendants; and any additional relief this Court deems just and equitable.

## COUNT II
### 42 U.S.C. Claim for the Violation of the Plaintiff's Fourteenth Amendment Rights

Plaintiff realleges paragraphs 1 through 37 as defendants inaction violates the fourteenth Amendment, section one. All citizens shall have equal protection of the law. Due to the defendants inaction the due process rights and equal protection of the laws were denied.

## COUNT III
### 745 ILCS 10/9-102

39. Plaintiff realleges paragraphs 1. through 37. As though fully set forth herein defendant county of Du Page is the employer of the defendants L. Allen and R. Miller at all times relevant to this complaint.

Defendants L. Allen and R. Miller committed the acts alleged above in the scope of their employment as employees of the county of Du Page.

WHEREFORE plaintiff, pursuant to 745 ILCS 10/9-102, demands judgment against the defendant county of Du Page in the amount as seen fit by the Court against Allen and Miller as damages, attorney fees, costs and interest, and /or for any settlement entered into between the plaintiff and either of these defendants, and for whatever additional relief this Court deems equitable and just.

5

## COUNT IV
### Respondeat Superior

40. Plaintiff realleges paragraphs 1 through 38.

41. The aforesaid acts of the defendants L. Allen and R. Miller in the scope of their employment as public defenders for the county of Du Page were willful and wanton, and therefore the county of Du Page as principal is liable for the actions of it's agents under the doctrine of *respondeat superior*.

WHEREFORE plaintiff demands judgement against defendant, county of Du Page, and such other additional relief as this court deems equitable and just.

Respectfully submitted,

Notarized under and by title 28 USCA Section 1746 under penalty of perjury This 17th day of February 2008.

Mr. Kevin Gallagher　　Affiant

PLAINTIFF DEMANS TRIAL BY JURY ON ALL COUNTS

6