# U.S. Department of Justice
# United States Marshals Service

## PROCESS RECEIPT AND RETURN
See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Kevin Gallagher | 08C1424 |
| DEFENDANT | TYPE OF PROCESS |
| Public Defender of DuPage County, et al. | S/C |

**SERVE** NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
County of DuPage

**AT** ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
421 N. County Farm Rd, Wheaton, Ill 60187  503 Administrators Office

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Kevin Gallagher
1450 Joliet Street
Dyer, IN 46311

| | |
|---|---|
| Number of process to be served with this Form - 285 | 1 |
| Number of parties to be served in this case | 4 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

FILED
Jun 12, 2008
JUN 12 2008  YM
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Signature of Attorney or other Originator requesting service on behalf of:  ☒ PLAINTIFF  ☐ DEFENDANT

| TELEPHONE NUMBER | DATE |
|---|---|
| | 03-24-08 |

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | | Date |
|---|---|---|---|---|---|---|
| | 2 of 4 | No. 24 | No. 24 | | Td | 03-24-08 |

☐ I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☒ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

Name and title of individual served (if not shown above)

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address (complete only if different than shown above)
NOT SERVED

| Date of Service | Time | am/pm |
|---|---|---|
| 6/3/08 | 7:00 | pm |

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| One service fee charged same case + location. | | | | | | |

REMARKS: 503 Bldg. Need specific name - would not accept w/out name
1 DUSM  60 miles RT
2 Hours
See process sheet #01 for charges.

PRIOR EDITIONS MAY BE USED       **1. CLERK OF THE COURT**       FORM USM-285 (Rev. 12/15/80)

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

Kevin Gallagher

Plaintiff

V

Office of the Public Defender et al

Defendant

CASE NUMBER: 08cv1424

ASSIGNED JUDGE: GETTLEMAN

DESIGNATED
MAGISTRATE JUDGE: BROWN

TO: (Name and address of Defendant)

County of DuPage

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Kevin Gallagher
1450 Joliet Street
Dyer, IN 46311

an answer to the complaint which is herewith served upon you within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MICHAEL W. DOBBINS, CLERK

**ROSA B. FRANCO**

(By) DEPUTY CLERK

March 19, 2008

DATE

AO 440 (Rev. 05/00) Summons in a Civil Action

# RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                    Date                              *Signature of Server*

                              _____
                                          *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

FILED RBF
MARCH 18, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT



## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MR. KEVIN GALLAGHER<br>　　　　PLAINTIFF<br><br>Vs.<br><br>THE OFFICE OF THE PUBLIC<br>DEFENDER OF DU PAGE COUNTY,<br>COUNTY OF DU PAGE,<br>LA WANDA ALLEN,<br>　　　　PUBLIC DEFENDER<br>ROBERT A. MILLER<br>　　　　PUBLIC DEFENDER SUPERVISOR<br>　　　　　　　　DEFENDANTS | 08CV1424<br>JUDGE GETTLEMAN<br>MAG. JUDGE BROWN<br><br>RECEIVED<br>MAR 10 2008<br>MAR 18 2008<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT<br><br>JURY DEMAND |

## COMPLAINT

### JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. 1983; Judicial Code, U.S.C. 1331 and 1343(a); and supplementary jurisdiction as codified in 28 U.S.C.1367(a). In addition, the sixth amendment U.S.C.

Above civil rights act states that: anyone who, under color of state or local law, who causes a person to be deprived of rights guaranteed by the U.S. Constitution or federal law, is liable to that person.

2. In addition to; Conspiracy Against Rights 18 U.S.C. 241 Chapter 13. for the violation of the sixth amendment U.S.C. for failure to provide effective assistance of counsel and or fraudulent counsel.

3. Jurisdiction is further supported by the fact that the plaintiff resides in the State of Indiana and the violations occurred in the State Illinois.

### PARTIES

4. Plaintiff, Mr. Kevin Gallagher is a long time resident of Indiana.

5. Defendants, Office of the public defender, La Wanda Allen, and Robert A. Miller are public defenders who at all times material to this complaint, were engaged in the conduct complained of in the course and scope of their employment.

6. At all times material to this complaint, the defendants were acting under the color of state law.

1

ordinance and/or regulation. At the time of this occurrence, these defendants were on duty and they are sued in their individual capacities.

7. The county of Du Page is duly under the laws of the State of Illinois, and is the employer of the individual defendants.

**FACTS**

8. On October 15, 2007 at about 6:00 PM the plaintiff was traveling very slowly in heavy traffic. Traveling west bound on route 88 a late model white and yellow Ford Crown Victoria taxicab twice attempted to run the plaintiff off the road. The plaintiff was on a motorcycle and when he heard the sound of gun shots fired from the direction of the taxi cab the plaintiff decided to go on to the emergency lane to get away from the taxi.

9. In between the increasing distance between the plaintiff and the taxi was state police car. The state police car began following the plaintiff. The plaintiff was unaware that the police car was following him.

10. The taxicab stopped chasing the plaintiff after seeing the police car and drove away, however the plaintiff was unaware of the fact that the taxi exited the area.

11. The plaintiff got off the express way and drove into a nearby grassy area or field so the taxi could not follow, and then stopped the motorcycle.

12. The plaintiff then saw the police car and stopped.

13. The grassy soil was far too soft to support the weight of a 500 pound motorcycle on the kick stand so the plaintiff carefully laid the motorcycle down in the grass so as to not damage it. The motorcycle was not dropped nor did it crash and the motorcycle did not have any crash damage on it.

14. The plaintiff then got away from the motorcycle because it was now leaking fuel from the fuel cap. The plaintiff feared that there was a possibility that the gasoline could ignite from the hot engine components or the hot exhaust pipes and cause the fuel tank to burst.

15. The plaintiff then decided to move away from the motorcycle quickly, (before it exploded).

16. The plaintiff moved about twenty feet from the motorcycle and stopped.

17. The plaintiff had a very high quality full-face sound reducing helmet on his head and was beginning to remove the helmet. At this point the state police officer ran up behind the plaintiff struck the plaintiff on the right shoulder with a heavy steel bar or club.

18. The impact of the steel bar was so violent that it instantly and completely shattered the plaintiff's bones in his right shoulder. There were no other injuries to the plaintiff.

19. The State police officer had incorrectly assumed that the plaintiff was breaking the law and

2

was attempting to flee from the police.

20. The state police officer failed to confirm his incorrect theory and then over reacted to the situation by using unnecessary and extreme violence.

21. The impact was so great that had the state police officer missed the plaintiff's shoulder and hit the plaintiff on the neck, the impact would have shattered and displaced a vertebrae, causing a fatal injury due to damage to the spinal column.

22. The state police officer then stood on top of the plaintiff, balancing all his weight on one knee to cause maximum pain to be inflicted upon the plaintiff.

23. The offending state police officer then knowingly took the plaintiff's right arm (with the shattered shoulder) and twisted the plaintiff's arm behind the plaintiff's back to cause additional extreme pain.

24. The offending state police officer then lied to the hospital emergency room doctor and claimed that the plaintiff crashed and fell on his shoulder. The offending state police officer gave a detailed version of the fictitious accident to the doctor, (and then later gave a much different version in his police accident report). The doctor knew that this was not the type of injury sustained in a motorcycle accident. An injury of this magnitude was not possible with out a multitude of additional injuries. One cannot hit the ground at such a high velocity sufficient enough to shattered bone and not have other injuries as well.

25. Research shows that this offending police officer has used excessive force and false charges against others in the past.

26. In an effort to hide his serious mistake in judgement and excessive force, the offending police officer then charged the plaintiff with several fictitious traffic violations; resisting arrest and a traffic accident of failure to reduce speed to avoid an accident, all of which never occurred.

## COUNT 1
### 42 U.S.C. 1983 Claim for Ineffective Assistance of Counsel
### Violation of the Sixth Amendment

27. The defendants from the public defender's office have refused to call witnesses to testify, and this is a critical stage of the trial, in violation of the Sixth amendment to have a compulsory process for obtaining witnesses. Along with ineffective assistance of counsel in that counsel must be real.

Counsel cannot be a sham or pretence; the theory of the assistance of counsel must by upheld in practice. To place a lawyer for the defendant on the defendant's case only to have the appearance of counsel and nothing else is the same as no counsel at all.

3

**28.** The defendants have refused to call the tow truck driver to testify that there was no damage to the motorcycle.

**29.** The defendants have refused to give the order to have the emergency room doctor testify to show that the offending police officer gave two different versions of the fictitious accident.

**30.** The defendants have refused to have an expert witness in bio-mechanics testify as to the fact that the shattered shoulder injury was could not have been the result of a motorcycle accident.

**31.** The defendants have refused to get an official copy of the accident report filled out by the offending police officer.

**32.** Defendants from the public defender's office of Du Page County have refused to do anything at all.

**33.** The defendant's decision of the inaction of ineffective assistance of counsel was willful, wanton, and arose out of a "misuse of power possessed by virtue of state law and made possible only because the defendants are clothed with the authority of state law.

**34.** In the defendants inaction of "ineffectiveness of counsel" due to the refusal to call witnesses gives rise to a due process violation of the sixth amendment because it makes any criminal proceeding so fundamentally unfair that the Plaintiff was prevented from reasonably presenting his case and results in substantial prejudice. In support of this see Goonsuwan v. Ashcroft, 252 F.3d 383 (5th Cir. 2001).

**35.** The denial of counsel was so flagrant and the difficulty of proving prejudice so great, it may be possible to presume harm. United States v. Loasiga, 104 F.3d 484 (1st Cir. 1997). Prejudice is found when the performance of counsel is so inadequate that it may have affected the outcome of the proceedings. See Castillo-perez v. INS. 212 F.3d 518 (9th Cir. 2000).

**36.** The defendants complete lack of any kind of meaningful actions meet and surpass all the violations in Strickland v. Washington 466 U.S. 668 (1984) was, (and sill is), a class dereliction of duty.

**37.** The right of effective assistance of counsel.....it is the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing.

4

While a criminal trial is not a game in which the participants are expected to enter the ring with near match in skills, neither is it a sacrifice of unarmed prisoners to gladiators. United States ex rel. Williams v. Twomey 510 F.2d 634, 640 (CA7), cert. denied sub nom. Sielaff v. Williams, 423 U.S. 876, 96 S.Ct. 148, 46 L.Ed.2d 109 (1975).

38. In this instant case the plaintiff is sacrificed not just unarmed, but in effect the plaintiff has his arm broken and then his arms and legs are shackled behind his back. The plaintiff is then in effect blindfolded, and has had his mouth gagged in an effort to suppress his defensive abilities so severely that no reasonable or prudent person could see any way to effectively defend himself.
WHEREFORE, plaintiff seeks compensatory damages, jointly and severally, to compensate for all the losses caused by the defendants wrongful, and illegal acts; punitive damages against these defendants; and any additional relief this Court deems just and equitable.

### COUNT II
### 42 U.S.C. Claim for the Violation of the
### Plaintiff's Fourteenth Amendment Rights

Plaintiff realleges paragraphs 1 through 37 as defendants inaction violates the fourteenth Amendment, section one. All citizens shall have equal protection of the law. Due to the defendants inaction the due process rights and equal protection of the laws were denied.

### COUNT III
### 745 ILCS 10/9-102

39. Plaintiff realleges paragraphs 1. through 37. As though fully set forth herein defendant county of Du Page is the employer of the defendants L. Allen and R. Miller at all times relevant to this complaint.
Defendants L. Allen and R. Miller committed the acts alleged above in the scope of their employment as employees of the county of Du Page.
WHEREFORE plaintiff, pursuant to 745 ILCS 10/9-102, demands judgment against the defendant county of Du Page in the amount as seen fit by the Court against Allen and Miller as damages, attorney fees, costs and interest, and /or for any settlement entered into between the plaintiff and either of these defendants, and for whatever additional relief this Court deems equitable and just.

5

## COUNT IV
### Respondeat Superior

40. Plaintiff realleges paragraphs 1 through 38.

41. The aforesaid acts of the defendants L. Allen and R. Miller in the scope of their employment as public defenders for the county of Du Page were willful and wanton, and therefore the county of Du Page as principal is liable for the actions of it's agents under the doctrine of *respondeat superior*.

WHEREFORE plaintiff demands judgement against defendant, county of Du Page, and such other additional relief as this court deems equitable and just.

Respectfully submitted,

*/s/ Kevin Gallagher*

Notarized under and by title 28 USCA Section 1746 under penalty of perjury This 17th day of February 2008.

*/s/ Kevin Gallagher*

Mr. Kevin Gallagher    Affiant

PLAINTIFF DEMANS TRIAL BY JURY ON ALL COUNTS

6

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 1424 | DATE | 3/18/2008 |
| CASE TITLE | Kevin Gallagher vs Public Defender of Du Page County | | |

**DOCKET ENTRY TEXT:**

Plaintiff's in forma pauperis application [4] is granted.     Summons to issue
Plaintiff's motion [5] for appointment of counsel is denied without prejudice to renewal.

[Docketing to mail notices]

A TRUE COPY - ATTEST
MICHAEL W. DOBBINS, CLERK
BY: [signature]
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
DATE: March 19, 2008

| | Courtroom Deputy Initials: | GDS |
|---|---|---|

Page 1 of 1