IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MR. KEVIN GALLAGHER, | ) ) ) | |
| Plaintiff, | ) ) | Case No. **08 CV 1424** |
| v. | ) ) | Judge Robert W. Gettleman |
| THE OFFICE OF THE PUBLIC DEFENDER OF DUPAGE COUNTY, COUNTY OF DUPAGE, LaWANDA ALLEN, and ROBERT A. MILLER, | ) ) ) ) ) | Magistrate Judge Brown |
| Defendants. | ) ) ) | |

## DEFENDANTS' MOTION TO DISMISS

**NOW COME** the Defendants, THE OFFICE OF THE PUBLIC DEFENDER(a non-suable entity), LaWANDA ALLEN, and ROBERT A. MILLER, by and through their attorney, Joseph E. Birkett, DuPage County State's Attorney, and his assistants, Paul F. Bruckner and Thomas F. Downing, and moves this Honorable Court to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of their Motion, Defendants state as follows:

## INTRODUCTION

Plaintiff has filed a Complaint purporting to assert claims against several Defendants, including Defendants herein. Specifically, Plaintiff purports to assert Section 1983 claims for violations of the Sixth and Fourteenth Amendments, against Defendants, LaWANDA ALLEN (an Assistant Public Defender), and ROBERT A. MILLER (the Public Defender), and a "defendant" named as "OFFICE OF THE PUBLIC DEFENDER". Plaintiff also purports to assert "claims" against the County of DuPage, specifically a claim based upon the Local

Governmental and Governmental Employees Tort Immunity Act and a Section 1983 claim against the County of DuPage on a *respondeat superior* theory (Upon information and belief, Defendant, the COUNTY OF DUPAGE, has not yet been served).

## STANDARD ON RULE 12(b)(6) MOTION TO DISMISS

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint; it is not designed to resolve the case on the merits. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir.1990). When reviewing a Rule 12(b)(6) motion to dismiss, a court must accept all well-plead factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S.163, 164 (1993); *Jang v. A.M. Miller & Assocs.*, 122 F.3d 480,483 (7th Cir.1997). Pursuant to Federal Rule of Civil Procedure 8(a), a complaint need not recite all relevant facts or recite the law, but requires a short and plain statement showing that the party is entitled to relief. *Fed. R. Civ. P. 8(a)*. However, a plaintiff can plead himself out of court by alleging facts which show that plaintiff has no viable claim. *Jackson v. Marion County*, 75 F.3d 151, 153-154(7th Cir. 1995).

## ARGUMENT

**Plaintiff Fails to State §1983 Claims Against the Public Defender Defendants Because the Conduct of the Public Defender Defendants Is Not State Action**

In Counts I and II of Plaintiff's Complaint, Plaintiff purports to assert Section 1983 claims for violations of the Sixth and Fourteenth Amendments, against Defendants, LaWANDA ALLEN (an Assistant Public Defender), and ROBERT A. MILLER (the Public Defender), and a "defendant" named as "OFFICE OF THE PUBLIC DEFENDER". However, an examination of Plaintiff's Complaint establishes that Plaintiff has plead himself out of court by alleging facts which show that plaintiff has no viable claim. *Jackson v. Marion County*, 75 F.3d 151, 153-

154(7th Cir. 1995). Plaintiff alleges that the "Office of the Public Defender", LaWanda Allen, and Robert Miller are public defenders engaged in the course and scope of their employment as public defenders. Specifically, in Paragraph 5, Plaintiff alleges:

> "Defendants, Office of the public defender, La Wanda Allen, and Robert A. Miller are public defenders who at all times material to this complaint, were engaged in the conduct complained of in the course and scope of their employment."

The conduct of a public defender is not state action. *Polk County v. Dodson,* 454 U.S.312, 317 n.4, 102 S.Ct.445, 449 n.4, 70 L.Ed.2d 509 (1981) (holding that "a public defender does not act under color of state law when performing the traditional functions of counsel to a criminal defendant"); *Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir.), *cert. denied,* 516 U.S. 852 (1995).

Plaintiff has failed to state §1983 claims against the "Office of the Public Defender", LaWanda Allen (an Assistant Public Defender), and Robert A. Miller (the Public Defender), because the conduct of the Public Defender Defendants is not state action. Accordingly, Counts I and II of Plaintiff's Complaint must be dismissed for failure to state a cause a claim.

### Plaintiff Fails to State a Claim Pursuant to Local Governmental and Governmental Employees Tort Immunity Act

In Count III of Plaintiff's Complaint, Plaintiff purports to assert a claim against the County of DuPage based upon the Local Governmental and Governmental Employees Tort Immunity Act, specifically, 745 ILCS 10/9-102 (Upon information and belief, the COUNTY OF DUPAGE, has not yet been served). Plaintiff fails to state a claim upon which relief can be granted because the Local Governmental and Governmental Employees Tort Immunity Act creates no duties or causes of action, "[i]t grants only immunities and defenses." *745 ILCS 10/1-101.1.* Accordingly, Count III of Plaintiff's Complaint must be dismissed for failure to state a cause of action.

**The Plaintiff Fails to State a Claim Against the County of DuPage Because §1983 Will Not Support a Claim Based on a *Respondeat Superior* Theory of Liability**

In Count IV of Plaintiff's Complaint, Plaintiff purports to assert a Section 1983 claim against the County of DuPage on a *respondeat superior* theory, asserting that Assistant Public Defender LaWanda Allen and Public Defender Robert Miller are agents of the County of DuPage (Upon information and belief, the County of DuPage, has not yet been served). Even assuming, *arguendo*, that the Assistant Public Defender Allen and Public Defender Miller were agents of the County of DuPage, the United States Supreme Court has concluded "that a municipality cannot be held liable under §1983 on a *respondeat superior* theory. … a local government may not be sued under §1983 for an injury inflicted solely by its employees or agent." *Monell v. Dept. of Social Services*, 436 U.S. 658, 691-92, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611(1978). Accordingly, Count IV of Plaintiff's Complaint must be dismissed for failure to state a cause of action.

**WHEREFORE**, for the foregoing reasons, Defendants, THE OFFICE OF THE PUBLIC DEFENDER(a non-suable entity), LaWANDA ALLEN, and ROBERT A. MILLER, respectfully request that Plaintiff's Complaint be dismissed pursuant to Rule 12(b)(60 of the Federal Rules of Civil Procedure.

        Respectfully submitted,

        JOSEPH E. BIRKETT
        DuPage County State's Attorney

        By:  s/ PAUL F. BRUCKNER
              PAUL F. BRUCKNER
              Assistant State's Attorney

JOSEPH E. BIRKETT
DuPage County State's Attorney
By:  Paul F. Bruckner, A.S.A.
Attorney No. 6206660
503 N. County Farm Road
Wheaton, Illinois 60187
630/407-8200

## CERTIFICATE OF SERVICE

**TO:**   Kevin Gallagher, 1450 Joliet Street, Dyer, IN 46311

The undersigned being first duly sworn upon oath states that:

On the 8th day of July, 2008, I served a copy of DEFENDANTS' MOTION TO DISMISS and NOTICE OF MOTION, according to Fed.R.Civ.P. 5(a,), by mailing a copy to Kevin Gallagher at the above-named address, and depositing the same in the U.S. Mail in Wheaton, Illinois with the proper postage prepaid.

                                                     s/PAUL F. BRUCKNER
                                                     Assistant State's Attorney

w\pfb\Gallagher mtd Miller, Allen, OPD